**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 24, 2009

Charles R. Fulbruge III
Clerk

No. 08-61067

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DAVID LYNN COX,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
1:90-cr-00167

Before JONES, Chief Judge, and SMITH and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Appellant David Lynn Cox appeals his sixty-month sentence, arguing that the government breached its plea agreement. Finding no reversible error, we affirm.

**I.**

In 1992, Cox pleaded guilty to conspiracy to distribute more than 500 grams of cocaine and was sentenced to 84 months of imprisonment and 7 years

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of supervised release. While on supervised release, Cox was indicted for conspiracy to possess with the intent to distribute cocaine base and two counts of distribution of cocaine base. Pursuant to a plea agreement, Cox pleaded guilty to a bill of information charging him with distribution of cocaine base. The plea agreement also required the government to recommend a sixteen-month sentence on Cox's revocation of supervised release.

At the June 29, 2006 revocation sentencing, Cox admitted he had violated the terms of his supervised release. The Pre-Sentence Investigation Report (PSR) recommended a sentencing range of thirty to thirty-seven months. Cox's counsel made mitigation arguments. The government then recommended a sentence of sixteen months, as required by the plea agreement. The district court declined to accept the recommendations of the government or the PSR. Citing Cox's criminal history, his repeated drug offenses, and a downward departure in his 1992 sentence, the district court imposed a sixty-month sentence.

Cox subsequently filed a 28 U.S.C. § 2255 motion, arguing, *inter alia*, that he was not provided an opportunity for allocution. The district court granted Cox relief on this claim and ordered a new revocation sentencing. Prior to re-sentencing, Cox was appointed new counsel. At the re-sentencing on October 15, 2008, Cox offered his own mitigation arguments. The government asked the court to reject Cox's arguments and recommended that the sixty-month sentence stand. The district court again reviewed Cox's criminal history and stated that it did not believe Cox to be "sufficiently remorseful" and was "not moved" by Cox's mitigation arguments. The district court imposed a sentence of sixty months, to be served consecutively to any other state or federal sentence.

## II.

The sole issue on appeal is whether the government breached the plea agreement. This court reviews whether the government has breached a plea agreement de novo, "accepting the district court's factual findings unless clearly

erroneous." *United States v. Davis*, 393 F.3d 540, 546 (5th Cir. 2004) (citations omitted). However, if the issue is raised for the first time on appeal, our review is for plain error. *See Puckett v. United States*, 129 S.Ct. 1423, 1428 (2009).

At re-sentencing, Cox's counsel addressed the court after the government had recommended imposition of a sixty-month sentence. Cox's counsel stated that he wanted to "remind" the government that it had recommended sixteen months at the first revocation sentencing and that he "just thought [he]'d remind the court and counsel of [his] understanding of what proceeded" prior to his appointment as Cox's counsel. Counsel then stated that he had "been under the impression that the government was willing to at least retain in its expression to the court what it had originally expressed to the court."

To avoid forfeiture, "[a] party must raise a claim of error with the district court in such a manner so that the district court may correct itself and thus, obviate the need for our review." *United States v. Rodriguez*, 15 F.3d 408, 414 (5th Cir. 1994) (quoting *United States v. Bullard*, 13 F.3d 154, 156 (5th Cir. 1994)). This court has previously held that informing the court that the government had agreed to recommend a particular sentence was insufficient to preserve an objection. *See United States v. Reeves,* 255 F.3d 208, 210 n.2 (5th Cir. 2001) ("[Defendant's] counsel did not object, but only informed the court that the government had recommended a sentence of 72 months. That statement alone is insufficient to preserve the alleged error."). We do not think the failure to object in this case is materially distinguishable from *Reeves*. Cox's counsel did not state that there had been a plea agreement or that there had been a breach of the plea agreement. Counsel repeatedly stated he wanted to "remind" the court of the government's prior recommendation and was "surprised by the comments of the government." These comments did not adequately notify the district court of his claim before the appellate court that the government had breached the plea agreement. Thus, we review Cox's claim for plain error.

### III.

To show reversible plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett*, 129 S.Ct. at 1429. The appellant ordinarily establishes this by demonstrating that the error "affected the outcome of the district court proceedings." *Id.* (quoting *United States v. Olano*, 507 U.S. 725, 734 (1993)). If the appellant makes such a showing, this court has the discretion to correct the error but only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted).

Assuming, arguendo, that the government breached the plea agreement, any error did not affect the outcome of the proceedings. There is nothing in the record to indicate that the district court would have sentenced Cox differently had the government recommended a sixteen-month sentence. The district court declined to follow the government's recommendation for a sixteen-month sentence at the first sentencing revocation. The district court specifically stated that it was "not moved" by Cox's mitigation arguments and that Cox's criminal history and lack of remorse for his victims justified a sixty-month sentence. Cox has not shown that he was prejudiced by the government's alleged breach and, therefore, has not shown plain error. Accordingly, the judgment of the district court is AFFIRMED.